Stanley E. and Shyrl D. Bailey v. Commissioner.
Bailey v. Commissioner
Docket No. 6476-70 SC.
United States Tax Court
T.C. Memo 1971-107; 1971 Tax Ct. Memo LEXIS 225; 30 T.C.M. (CCH) 460; T.C.M. (RIA) 71107; May 17, 1971, Filed. Stanley E. Bailey, pro se, 180 Heather Dr., Atherton, Calif.Randall G. Dick, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $531.10 in petitioners' Federal income tax for the year 1968. Respondent has conceded that petitioners are entitled to deduct a total of $250 for the cost of uniforms and maintenance thereof. The issues remaining for decision are: (1) Whether petitioner Stanley E. Bailey has substantiated *226 certain travel expenses incurred while he was acting as a sales representative of the Montana Salvage Corporation in conformity with the requirements of section 274 [1] and the regulations thereunder; (2) whether petitioner Stanley E. Bailey is entitled to deduct the sum of $337.85 as the cost of maintaining an office in his home; and (3) whether petitioner Stanley E. Bailey, a Trans World Airlines pilot, incurred transportation expenses in traveling by private automobile between his residence and place of employment which are deductible under section 162(a). Findings of Fact Stanley E. Bailey (herein referred to as petitioner) and Shyrl D. Bailey are husband and wife who resided at 180 Heather Drive, Atherton, California, at the time they filed their petition in this case. They filed their 1968 joint Federal income tax return with the Internal Revenue Service Center at Ogden, Utah. Petitioner, in addition to his employment as a pilot for Trans World Airlines (herein referred to as TWA), was employed as a sales representative of Montana Salvage Corporation *227 during 1968. Petitioner has been associated with that company since 1966, and holds a 10 percent stock interest in it. His two brothers own between 6 and 8 percent of the company and petitioner's father owns approximately 75 percent of the equity interest. The company is located in Montana where it has some 30 acres covered by organic materials which petitioner has attempted to market under the name "Montorganic." This material is emulsified, heat treated, sawdust containing potassium and nitrate which is believed to have value as a fertilizer. Petitioner has been unable to secure any orders for substantial amounts of "Montorganic" because of the high cost of shipping this product from Montana. During 1968, petitioner called upon various nurseries and other potential users, hoping to secure orders for "Montorganic." When he made such trips, he would record the number of miles traveled on a calendar which he maintained at his home. He did not record the names of the companies visited, the persons with whom he spoke, nor could he recall such information at the time of the trial of this case. Petitioner also claimed as part of these "employee business expenses" deductions for air fare *228 to Montana and equipment expenses. An expenditure of $33.55 is specifically recorded on petitioner's calendar for February 23, 1968, for a briefcase to be used in connection with Montana Salvage Corporation business. There is also recorded on this calendar on October 20, 1968, the purchase of a ticket for a flight to Montana via Western Airlines. In connection with his work for Montana Salvage Corporation, as well as his work for TWA and Wyomont Company, a partnership owning certain real estate, and his position as Grievance Chairman for the TWA Pilots Association, petitioner set aside one room in his home which he used exclusively as an office. This office was furnished with a desk, file cabinet, telephone, typewriter, adding machine, and other office-type furnishings. Kept in this office were petitioner's records pertaining to Montana Salvage Corporation's business, the books and records of Wyomont Company, petitioner's TWA flight log books and other materials supplied to him by TWA, and some records of the TWA Pilots Association. In addition to using this office for record keeping, petitioner met with members of the Pilots Association there at times when it was inconvenient for *229 them to meet at the TWA Pilots Association office. Based on such use, petitioner 462 claimed a deduction for depreciation of his home allocable to this room in the amount of $198, a deduction for utilities and insurance so allocable in the amount of $51.85, and a depreciation deduction for office equipment in the amount of $88. Petitioner also claimed a deduction of $226.80 for the cost of transporting his flight equipment from his home to the airport. Petitioner resided 18 miles from the airport and drove his private automobile there on 63 separate occasions during 1968. Whether he carried his flight equipment with him or not, he would have driven to the airport by private automobile since he found the public transportation available to him not to be convenient. Opinion In addition to his work as a TWA pilot, petitioner is engaged in attempting to create a market for a product known as "Montorganic." Respondent does not question the bona fide desire of petitioner to realize a profit from this endeavor. Respondent only denies that petitioner has adequately substantiated his claimed business expenses incurred in the course of attempting to secure buyers for "Montorganic." *230 Petitioner's only contemporaneous record of these expenditures consists of a calendar maintained by him with certain notations made on various dates. Automobile travel expenses are recorded by date and miles traveled. No notation is made of the prosspective buyers called upon, although the general area visited is shown on a few of these entries. There are also seven trips to Montana recorded on this calendar with the notation "MSC Business." No further explanation is noted. Under the detailed requirements of section 274(d) and the regulations thereunder, petitioner's calendar record of travel expenses fails to provide an adequate basis for the allowance of a deduction for these claimed expenses. , affd. (C.A. 2, 1969), certiorari denied . However, petitioner's calendar entry recording the purchase of a brief case for $33.55 on February 23, 1968, for use in connection with his Montana Salvage Corporation work is clearly adequate substantiation for the allowance of a deduction of this item. Petitioner has also claimed a deduction for the cost of maintaining an office in *231 his home. The evidence adduced at the trial of this case clearly established the necessity for maintaining such an office. While no specific proof of the cost of maintaining this office was offered, the claimed depreciation for the use of this room and the office equipment and the cost of insurance and utilities allocable to the use of this room are reasonable in amount and are properly deductible. The final claimed deduction in issue involves the cost of transporting petitioner's flight equipment from his home to the airport. As noted in our findings of fact, petitioner would have driven to the airport by private automobile whether or not he carried his flight equipment with him. For this reason, and in accordance with our recent decision in , we conclude that no deduction for this expense is allowable since the transportation of this flight equipment has not required petitioner to incur any expenses in excess of those he would normally incur in transporting himself between his home and the airport. To reflect the conclusions reached herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩